IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NOBLE AMEN HONDO EL,**
ex rel. **MARIO HERRING,**

        **Plaintiff,**

v.                                 Civil Action No. 2:10cv106
                                         (Judge Maxwell)

**JAMES SPENCER, SHAR MASON**
**AND TINA LAMP,**

        **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case on September 7, 2010, by filing a civil rights complaint against the above-named defendants. On September 9, 2010, he was granted permission to proceed as a pauper and assessed an initial partial filing fee. The plaintiff paid his initial partial filing fee on September 20, 2010. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to 28 U.S.C.§§ 1915(e) and 1915A and LR PL P 2.

### I. The Complaint

In the complaint, the plaintiff asserts that he was "given a time line for filing a writ of habeas corpus" and needed to attach additional documentation to his writ. (Dckt. 1 at 4) He further contends that he asked to have his legal mail sent out when he was in the infirmary, but was refused for several days by officer Tina Lamp ("Lamp"). Id. In fact, defendant Lamp allegedly told the plaintiff that she did not care about his legal documents. Id.

The next day, the plaintiff filed a grievance about this situation to the facility's Administrator, James Spencer ("Spencer"). Id. He also spoke with Spencer about the issue when

he ran into him outside the infirmary. Id. The plaintiff told Spencer that if he did not do something at "this level," the plaintiff would be informing the federal courts. Id. Spencer allegedly told the plaintiff that he runs the institution and that the plaintiff has to go through him first. Id. Spencer also informed the plaintiff that he had not received the plaintiff's grievance on the subject. Id. The plaintiff asserts that Spencer's actions show his collusion with his subordinates. Id.

Next, the plaintiff sent a request to Shar Mason ("Mason"), the Director of Inmate Services, for a habeas application. Id. The plaintiff asserts that Mason never sent him the requested document nor responded to his request. Id. at 5.

The plaintiff also asserts that he requested permission to go to the law library to make copies. Id. The plaintiff alleges he was refused because he was in the infirmary with a staph infection. Id. The plaintiff asserts that he then requested that the Northern District of West Virginia send him the forms he needed since the institution refused to do so. Id. The plaintiff contends that although the court sent him the forms, they were returned to sender twice. Id. He filed grievances about this issue to no avail. Id. at 6.

The plaintiff asserts that due to Mason's actions, he was twice deprived of attaching proof and documentation to his writ of habeas corpus, lost the costs of mailing and lost his "time line" that was granting to him by the federal court for filing his writ of habeas corpus. Id. Moreover, the plaintiff asserts that the defendants used their positions of power and authority to deprive him of his constitutional rights. Id.

Finally, the plaintiff asserts that he has not received a haircut since he requested one on July 25, 2010. Id. at 6-7.

As relief, the plaintiff seeks his immediate release from incarceration at the Northern

Regional Jail. Id. at 5. He also requests that the defendants be fired. Id. Last, the plaintiff seeks compensatory damages for the "out right racism that has been inflicted upon him." Id. at 8.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the amended complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

Although the plaintiff asserts he is bringing a claim under 18 U.S.C. §§241 and 242. These sections establish criminal liability for certain civil rights violations. However, they do not give rise to a civil cause of action. Moore v. Kamikawa, 940 F.Supp. 260 (D.Hawaii 1995), aff'd 82 F.3d 423

---

[1] Id. at 327.

3

(9th Cir. 1996); Figueroa v. Clark, 810 F.Supp. 613 (E.D. Pa. 1992). Nonetheless, because the plaintiff asserts that the defendants, state actors, have violated his constitutional rights, the Court construes the plaintiff's claims as arising under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Thus, in order to state a successful claim under § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of a right guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 457 U.S. 830, 838 (1982).

**A.   James Spencer**

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Therefore, in order to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v.

4

Good, 423 U.S. 362 (1976).

In this case, the plaintiff's only claim against defendant Spencer involves acts taken in his official capacity as the Administrator of the Northern Regional Jail. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). In this case, the plaintiff fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights.

As to Spencer's supervisory capacity, as previously noted, there is no *respondeat superior* liability under § 1983. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997). Rather, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge, supra. When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was

an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

In this instance, the plaintiff fails to make any allegations which reveal the presence of the required elements for supervisory liability. Consequently, he fails to state a claim against Spencer in his supervisory capacity.

Because the plaintiff has not alleged any personal involvement on the part of Spencer in the alleged violation of his constitutional rights, nor can the plaintiff maintain this action against Spencer in either an official or supervisory capacity, Spencer should be dismissed as a defendant in this action.[3]

**B. Tina Lamp and Shar Mason**

    1. Denial of Access to the Courts

It is well established that there is a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. at 828; see also Lewis v. Casey, 518 U.S. 343, 351 (1996). When alleging denial of access to the courts, a prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir.

---

[2] "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

[3] To the extent the plaintiff asserts that Spencer, or any other defendant, violated his constitutional rights by denying his administrative grievances, or by failing to respond to such grievances, that claim is without merit as this is not the type of personal involvement required to state a claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

6

1996). "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Id. at 1317. Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. Roman v. Jeffes, 904 F.2d 192, 198 (3d. Cir. 1990). Nonetheless, the injury requirement cannot be satisfied by just any type of frustrated legal claim. Lewis v. Casey, 518 U.S. at 354. Since Bounds, nearly all access-to-courts claims involve attempts at direct appeals, or habeas petitions, and the Supreme Court has extended the universe of relevant claims to civil actions, "only slightly." Id. (citing Wolff v. McDonnell, 418 U.S. 539 (1974) (extending access-to-courts claims to cases arising under 42 U.S.C. § 1983, but only when needed to vindicate "basic constitutional rights").

In this case, the plaintiff asserts that the defendants failed to make him copies, did not timely send his legal mail and returned certain forms that the Court had mailed to the plaintiff. He does not, however, allege that he suffered any particular injury, or in fact, any injury at all, from the defendants actions. Thus, the plaintiff has failed to state a claim of denial of access to the courts.

2. The Plaintiff's Request for a Haircut

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe

Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

As to this claim, the plaintiff does not allege which of the named defendants, if any, has failed to respond to his request for a haircut. In addition, the plaintiff has failed to show how the failure to respond to such a request is a violation of his constitutional rights. Consequently, he has failed to state a claim upon which relief may be granted and this ground should be dismissed.

## IV. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e) for the failure to state a claim for which relief may be granted.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 4, 2010.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE