IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NOBLE AMEN HONDO EL,**
ex rel. **MARIO HERRING,**

        **Plaintiff,**

v.                                                                        **Civil Action No. 2:10cv106**

**JAMES SPENCER, SHAR MASON**
**and TINA LAMP,**

        **Defendants.**

## ORDER

On October 4, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation ("R&R") (Doc. 10), wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the Report and Recommendation. Plaintiff filed his objections on October 18, 2010. *See* Doc. 12.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the plaintiff in his civil rights complaint, wherein plaintiff alleges that defendants have violated his rights by frustrating his access to the courts and failing to provide him with a hair cut, were thoroughly considered by Magistrate Judge Joel in his R&R. Upon review of the plaintiff's objections, the Court finds that the plaintiff has not raised any issues that were not already throughly considered and addressed by the Magistrate Judge in his R&R. The Court finds, as did the Magistrate Judge, that the plaintiff has failed to make any allegations of personal involvement on the part of James Spencer, and that the plaintiff has further failed to plead with specificity any actual injury from the alleged denial of access to the courts. More specifically, while plaintiff has made

a conclusory allegation that his state Writ of Habeas Corpus was dismissed because of a delay or nondelivery of legal mail, he has not provided any specific evidence from the case that it was actually dismissed for reasons attributable to allegations made in this civil action. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to the facts and circumstances before the Court in this action. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R (Doc. 10) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the plaintiff's Complaint (Doc. 1) be, and the same hereby is, **DISMISSED WITH PREJUDICE**, and that this civil action be **STRICKEN** from the docket of the Court. It is further

**ORDERED** that the Clerk shall enter judgment for the defendants. It is further

**ORDERED** that, if plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of the Court is directed to transmit a copy of this Order to all parties appearing herein.

DATED: 12-9-2010

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE